IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GREGORY BROWN, | * | |
| Plaintiff, | * | Civil Action No. RDB-03-00167 |
| v. | * | |
| ARVINE LORINGS, *et. al.*, | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM OPINION**

Currently pending is Plaintiff Gregory Brown's ("Plaintiff") Motion to Seal (ECF No. 76), which seeks to seal the entire above-captioned case. For the reasons set forth below, Plaintiff's Motion to Seal (ECF No. 76) is DENIED.

### BACKGROUND

On January 17, 2003, Plaintiff filed a complaint against Arvine Lorings Lucent Technologies and two other Defendants (collectively referred to as "Defendants"), alleging, *inter alia*, that Defendants engaged in employment discrimination based on race and that they failed to pay wages and benefits under the Maryland Fair Wages and Labor Act. The case was referred to Magistrate Judge William Connelly (now Chief Magistrate Judge), who held a settlement conference on November 3, 2003. The parties entered into a settlement agreement whereby the Defendants would pay Plaintiff a specified amount of damages, and Plaintiff would release all claims against Defendants. Later, Plaintiff was dissatisfied with some of the terms of the settlement agreement and submitted a Motion for Reconsideration

(ECF No. 47) of the settlement agreement. On September 10, 2004, this Court issued an order, enforcing the settlement agreement (ECF No. 73). Nearly ten years later, on March 5, 2014, Plaintiff filed a *pro se* Motion to Seal (ECF No. 76) without a certificate of service.[1] To support his motion, Plaintiff argues that employers are terminating him because they have public access to his past employment discrimination case. Additionally, Plaintiff claims that employers are blacklisting him, which is making it difficult for him to find employment because he cannot make it pass the screening phase of any employer's hiring process.

STANDARD OF REVIEW

Because Plaintiff is proceeding *pro se*, his motion has been "liberally construed" and is "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (citation omitted).

In ruling on a motion to seal, a district court must: (1) give the public notice that the sealing of documents may be ordered; (2) provide interested parties the opportunity to object to the motion; (3) state reasons on the record if the district court decides to seal the case; and (4) state reasons for rejecting alternatives to closure. *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253–54 (4th Cir. 1988) (citations omitted). "The public notice and opportunity to challenge requirements are met when the court allows sufficient time for objections to be made." *Bureau of Nat'l Affairs v. Chase*, Civ. No. ELH-11-1641, 2012 WL 3065352, at *2 (D. Md. July 25, 2012) (citations omitted). Here, the first and second

---

[1] Here, Plaintiff failed to file a required certificate of service. Fed. R. Civ. P. 5(d) states "[a]ny paper after the complaint that is required to be served--*together with a certificate of service*--must be filed within a reasonable time after service." (emphasis added). Additionally, "…all court documents other than the original complaint must bear a signed certificate signed by counsel stating that the service required by Fed. R. Civ. P. 5(a) has been made." Local Rule 102.1 (D. Md. 2014). Therefore, it is clear that Plaintiff's motion must be DENIED on this ground as well because he has failed to comport with the proper service requirements.

requirements have been met because the Plaintiff's Motion to Seal (ECF No. 76) has been on the public docket for more than eight months, giving any interested parties ample time to object.

The public and the press have a qualified right of access to judicial documents and records filed in civil proceedings. *Doe v. Pub. Citizen*, 749 F.3d 246, 265 (4th Cir. 2014). The right of access exists even if no objections to a motion to seal are made. *See Bureau of Nat'l Affairs*, 2012 WL 3065352, at *2 (stating that a presumptive right to access exists after noting that no objections to sealing had been made). This right of access derives from both the "First Amendment and the common-law tradition that court proceedings are presumptively open to public scrutiny." *Id.* (citations omitted). The common law presumption in favor of access can be rebutted "if countervailing interests heavily outweigh the public interest in access[.]" *Id.* (citations and internal quotation marks omitted). Some of the factors that are relevant in determining whether a party can overcome the presumption include: (1) whether the records are sought for improper purposes; (2) whether release would enhance the public's understanding of an important historical event; and (3) whether the public has already had access to the information contained in the records. *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004)

The First Amendment also provides substantive protection to the interests of the press and the public in accessing records. *Doe*, 749 F.3d at 265. The party seeking to restrict access bears the burden of overcoming the First Amendment right of access, and the party must proffer specific reasons why such access should be denied. *Virginia Dep't of State Police*, 386 F.3d at 575. When determining whether a First Amendment right of access is available,

the courts looks at "whether the place and process have historically been open to the press and general public," and "whether public access plays a significant positive role in the functioning of the particular process in question." *Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 64 (4th Cir. 1989) (citations and internal quotation marks omitted). The right of public access "may be abrogated only in unusual circumstances." *Doe*, 749 F.3d at 266

This Court's Local Rules also determine how a Motion to Seal should be evaluated. "Any motion seeking the sealing of pleadings…or other documents…shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection." Local Rule 105.11 (D. Md. 2014).

## ANALYSIS

Plaintiff seeks to seal this employment case due to concerns that employers are using public information against him and terminating him because of their alleged knowledge of his prior employment dispute. After considering Plaintiff's motion under a common-law right-of-access analysis, a First Amendment analysis, and this Court's Local Rules, it is clear Plaintiff has not stated sufficient reasons to overcome the presumption that the press and public have a right to access to the judicial records in this case. Additionally, Plaintiff provides no suitable alternative to sealing the entire case nor does this Court think that imposing any less restrictive alternative would be appropriate.

I.   **Defendant's Motion to Seal Under Common Law**

In order to determine whether Plaintiff can overcome the common law presumption of access, the court must look at (1) whether the records are sought for improper purposes,

4

(2) whether release would enhance the public's understanding of an important historical event, and (3) whether the public already had access to the records. *Virginia Dep't of State Police*, 386 F.3d at 575. This Court is afforded a large amount of discretion in determining whether to grant or restrict access to judicial records. *See id.*

Here, under the first factor, Plaintiff has failed to plead any facts that demonstrate that the judicial records in his employment case are being accessed for improper reasons. Although Plaintiff speculates that he is being terminated because employers have access to the case, he does not point to any specific instances where an employer actually accessed his records or mentioned his public employment case as a reason for terminating or refusing to hire him. Accordingly, the first factor weighs against restricting access to the judicial records. Although the second factor is not relevant to this case, the third factor also weighs against restricting access. The public and press already have access to the court files in this case, and Plaintiff states no reasons why this access should now be restricted some ten years later. Accordingly, Plaintiff fails to overcome the common law presumption in favor of access.

## II.     Defendant's Motion to Seal Under the First Amendment

Plaintiff has the burden of proof in overcoming the First Amendment right to access, and he must proffer specific reasons for restricting access. *Virginia Dep't of State Police*, 386 F.3d at 575. In determining whether a right of access exists under the First Amendment, the court looks to (1) whether the place and process have been historically open to the press and public, and (2) whether public access plays a significant positive role in the functioning of the particular process in question. *Baltimore Sun Co.*, 886 F.2d at 64.

In this case, Plaintiff only proffers speculation about employers taking adverse action against him rather than citing any specific reasons for restricting access to the judicial records in his case. Additionally, the first factor of the First Amendment balancing test weighs against restricting access because judicial records have been historically open to both the press and the public. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (internal footnotes omitted) ("It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents."). The second factor, which looks at whether the public access plays a positive role in the functioning of the process in question, also weighs in favor of allowing public access because access to judicial records plays a positive role by ensuring transparency in the court system. *See Doe*, 749 F.3d at 266 (citations and internal quotation marks omitted) ("Public access serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of fairness."). Because of Plaintiff's inability to state any specific reasons for sealing the case and the historical and significant importance of the public's access to judicial records, Plaintiff has failed to demonstrate that the First Amendment right to access in this case should be restricted.

### III. Defendant's Motion to Seal Under this Court's Local Rules

Under this Court's Local Rules, "[a]ny motion seeking the sealing of pleadings…or other documents…shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection." Local Rule 105.11 (D. Md. 2014).

Plaintiff fails to support his reasons for sealing the case with any specific factual representations. In lieu of any specific factual circumstances, Plaintiff summarily states that companies have his name on a list, which is why he cannot get past the initial screening phase of any employer's hiring process. However, Plaintiff does not mention any instances in which his judicial records were actually accessed nor does he allege that any employer has cited his public employment dispute as a reason for refusing to hire him or for terminating him. Moreover, Plaintiff does not provide an explanation of why an alternative to sealing the *entire* case would not provide him with adequate protection. Additionally, this Court can think of no suitable alternative to sealing the case. Because Plaintiff does not provide any factual circumstances indicating that any employer has used the civil case in question as a reason for firing him or refusing to hire him, there is no reason for this Court to partially seal the case or redact personal identifying information. Accordingly, under this Court's Local Rules, Plaintiff has not provided sufficient justification for sealing the case.

## **CONCLUSION**

For the reasons stated above, the Defendant's Motion to Seal (ECF No. 76) is DENIED.

A separate Order follows.


Dated: November 24, 2014                         /s/
                                        Richard D. Bennett
                                        United States District Judge